UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

   - against -                                    Docket No. 19 CR 846 (KPF)

RONALD NIXON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMO ENDORSED**

**STATUS LETTER**
(*Update on Ex Parte Application For In Forma Pauperis Relief*)

ANTHONY L. RICCO, ESQ.
*Attorney for Ronald Nixon*
20 Vesey Street, Suite 400
New York, New York 10007
Tel. (212) 791-3919
Email: Tonyricco@aol.com

ANTHONY L. RICCO
*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919   FAX. (212) 791-3940

December 8, 2022

Hon. Katherine Polk Failla
United States District Judge
Thurgood Marshall U.S. Courthouse
United States Courthouse
40 Foley Square
New York, NY 10007

> **Re: *United States v. Van Whitmore, et al.*, including Ronald Nixon**
> **Docket No. 19-Cr-846 (KPF)**

Dear Judge Failla:

This letter is submitted to request a status update on Ronald Nixon's September 23, 2022, *ex parte* application for *in forma pauperis* relief so that he can proceed with his appeal to the Second Circuit without the payment of cost, fees and for the appointment of *conflict free* counsel pursuant to 18 U.S.C. §3006A(e)(1) and the Judicial Conference's Guide to Judicial Policy, Guidelines for Administering the CJA and Related Statutes, Volume 7, Chap. 2., CJA Guideline § 210.40, *et seq.*,

**Procedural Background and Request for Relief**

As the court is aware, on June 22, 2021, Ronald Nixon appeared before this court pursuant to a plea agreement, and pleaded guilty to a two count superseding information that charged from May 2017 through November 2019, in the Southern District of New York, Ronald Nixon conspired with others to distribute and possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§841(b)(1)(A) and 846 (Count 1), and from May 2017 through November 2019, in the Southern District of New York, Ronald Nixon, during and relation to a drug trafficking offense charged in Count a, knowingly used, possessed and carried a firearm, and aided and abetted the use, carrying and possession of a firearm in violation of 18 U.S.C. §924 (c)(1)(A)(I) and 2.[1]

---

[1] As noted in the Presentence Investigation Report (PSR), the government and defense agree that the applicable statutory provision set forth under 21 USC §841(b)(1)(B), which is a lesser

1

Sentence Imposed Under Docket No. 19 Cr. 846 (KPF)

As a result of the terms of the plea agreement, Ronald Nixon faced a statutory combined mandatory minimum of sentence of 5 to 40 years on count 1, to be followed by a mandatory minimum of sentence of 5 years on Count 2. Under count 1, with a criminal history of IV, the stipulated guideline imprisonment range was 262 months to 327 months (with a mandatory statutory minimum of 60 months). The guideline range on Count 2 is the statutory minium of imprisonment of 60 months, which must be imposed consecutively to the sentence imposed on Count 1. As a result, Ronald Nixon's agreed upon guideline range was a staggering 322 to 387 months' imprisonment. Ronald Nixon requested that the court impose a sentence not to exceed 135 months.     This court, however, rejected the sentencing recommendation of the defense, and on June 29, 2022, sentenced Ronald Nixon to a total term of Two hundred (200) months' imprisonment, comprising a term of One-Hundred Forty (140) months on Count One and a consecutive term of Sixty (60) months on Count Two. Supervised release for a term of 4 years to run concurrently on each of Counts One and Two, as well as a $100 special assessment per count of conviction.

After the entry of his sentence, Ronald Nixon directed counsel to file a Notice of Appeal on his behalf, although he waived his general rights to appeal as a condition of his plea agreement. Ronald Nixon instructed counsel that he wished to challenge the effectiveness of the performance of counsel in relation to the entry of his guilty plea, and counsel's performance in relation to the sentence imposed by the court. Ronald Nixon also stated that he wished to challenge the method by which the court arrived at the imposition of a sentence, and whether the court's gave meaningful consideration to the compelling mitigation factors presented, along with other issues that Ronald Nixon believes that counsel failed to properly argue on his behalf. As stated above, pursuant to Ronald Nixon's direction, a timely Notice of Appeal was filed on July 6, 2022. See, *ECF No. 300, Filed 07/06/22*.

---

included offense of 21 §841(b)(1)(A), shall apply.

Ronald Nixon requested that counsel file a Notice of Appeal on his behalf, and, as a result of his indigence, he now requests that an application be filed with the District Court so that he may proceed *in forma pauperis* in the Second Circuit Court of Appeals.

Filing In The District Court for *In Forma Pauperis* Relief in the Court of Appeals

As a result of his indigence, Ronald Nixon wants to proceed on his appeal *in forma pauperis* in the Second Circuit Court of Appeals, and to have conflict free counsel appointed. Under Rule 24 of the Federal Rules of Appellate Procedure, however, a defendant seeking to proceed *in forma pauperis* in the Second Circuit Court of Appeals without the payment of fees and costs, must first seek leave for such relief in the district court. As a result, on September 23, 2022, Ronald Nixon submitted to this court, via email, an *ex parte* application for permission to proceed *in forma pauperis*.

Yesterday, counsel received a voicemail message from the Clerk's Office of the Second Circuit Court of Appeals, inquiring as to the status of Ronald Nixon's application for *in forma pauperis* relief in the district court. As a result, I am requesting a status update regarding Ronald Nixon's September 23, 2022, application for *in forma pauperis* relief, so that I can report back to the Clerk's Office of the Second Circuit Court of Appeals.

Since this request does not contain any confidential information, this request for a status update has been filed via ECF on the public docket. But see, Rule 5.2 of the Joint Rules of the SDNY and EDNY, and the SDNY Electronic Case Filing and Instructions, Section 21.4 (Privacy and Public Access of ECF Cases, as it relates to Ronald Nixon's actual application for *in forma pauperis* relief.

Respectfully,

*Anthony L. Ricco*
Anthony L. Ricco

ALR/jh
cc: A.U.S.A. Louis Pellegrino (By E.C.F.)
cc: A.U.S.A. Juliana Murray (By E.C.F.)

3

The Court is in receipt of the above letter requesting a status update regarding Mr. Nixon's *in forma pauperis* application.  The Court was informed on September 14, 2022, that it did not have jurisdiction over the application because notice of appeal in this case had already been filed.  As such, the Court was instructed to send the application to the Second Circuit Clerk's Office, which it did in September of 2022.  The Court alerted Mr. Nixon's counsel as to this information on December 9, 2022, and advised him to contact the Second Circuit Clerk's Office regarding any outstanding application.

Accordingly, this motion is denied and the Clerk of Court is directed to terminate the pending motion at docket number 347.

Dated:     December 28, 2022           SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE